NORTH CAROLINA          IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION

GUILFORD COUNTY       19CVS5674

DANETTE SCOTT,                   )
                                         )
         Plaintiff,                )
                                         )
vs.                                          )      COMPLAINT
                                         )
GRAPHIC PACKAGING INTERNATIONAL, LLC., )
                                         )
         Defendant.              )

COMES NOW PLAINTIFF, complaining of the acts of Defendant, alleges and says that:

1. Plaintiff is a citizen and resident of Robeson County, North Carolina.

2. Upon information and belief, Defendant is a limited liability corporation organized and existing under and by virtue of the laws of the State of Delaware, with places of business in throughout North Carolina and is authorized to do business in North Carolina by the Secretary of State's office.

### FIRST CAUSE OF ACTION: DISABILITY DISCRIMINATION AND RETALIATION

3. That Defendant operates a manufacturing facility that offers their products and services to the public for a fee. Defendant is an employer within the meaning of The Americans with Disabilities Act, 42 U.S.C. §12111 (hereinafter "ADA") in that Defendant has at all times relevant to this action employed 20 or more employees for every working day in each of 20 or more calendar weeks in the current and preceding calendar year.

4. That Plaintiff was employed by the Defendant at all times relevant herein. She worked as a finishing helper until her employment was terminated by Defendant in 2018.

5. Plaintiff was diagnosed with a chronic disorder (lumbar spondylosis and degenerative disc disease) that required periodic treatment and minor accommodation of her work duties and working schedule in December, 2017. Shortly after she expressed concerns about the Defendant's failure to properly accommodate her condition and the perception by her management team that she was disabled, Plaintiff was disciplined, denied reasonable accommodation after the initial accommodation, subjected to a hostile work environment, and disciplined for performance attributable to coworkers without chronic medical conditions.

6. As a result of the chronic condition, Plaintiff suffers from a disability within the meaning of the Americans with Disabilities Act pursuant to 42 U.S.C. §12102 in that she has an impairment that substantially limits one or more of the major life activities, she has a record of

such an impairment, and/or she is regarded as having such an impairment by managers of the Defendant. Plaintiff's work life is affected as well as her personal life by the effects of her medical condition as the condition affects her ability to sleep well, lift heavy weights, and walk long distances.

7. That, for all times relevant herein, Plaintiff was a qualified individual with a disability pursuant to 42 U.S.C. §12111 and was otherwise qualified to perform the essential job functions with reasonable accommodation by Defendant.

8. That Plaintiff did not request any significant modification of her job functions (latest accommodation was to limit overtime shift to eight hours) yet, upon information and belief, she was perceived to require excessive accommodation and was perceived to be a disability liability to the Defendant. While Defendant initially offered short term disability leave, this was not an accommodation that allowed Plaintiff to work and earn full wages. Plaintiff was only allowed to return to work if she came back without any work restrictions.

9. At all times relevant herein, Defendant has been aware of the provisions of the ADA which prohibits discrimination in employment on the basis of disability.

10. That the effect of Defendant's policies and practices as described above have been to deprive Plaintiff of equal employment opportunities and is a direct violation of the ADA in that Defendant:

    a. by discriminating against Plaintiff with respect to the terms, conditions, and privileges of employment because of Plaintiff's disability which is unrelated to Plaintiff's ability to perform the essential duties of her position;

    b. by terminating Plaintiff's employment;

    c. by filling the position with someone outside of the protected class;

    d. by denying reasonable accommodation of her overtime work schedule; and

    e. such other ways as may be proven at trial.

11. That on or about August, 2018, Plaintiff was called to a disciplinary meeting for alleged poor production on the line operated by three employees. Plaintiff attempted to explain her actions but the Defendant was not interested in her explanation and stated that her services were no longer needed. Upon information and belief, the two coworkers working with her on the line that day were not disciplined and they remained employed by Defendant.

12. That Plaintiff had notified the Defendant about the hostile treatment and her concerns about retaliation for reporting same in late 2017 and early 2018. Plaintiff was given less communication

with her managers after reporting these concerns and subjected to excessive scrutiny, including unwarranted disciplinary actions.

13. When her employment was terminated, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission on or about October 31, 2018.

14. At all times relevant herein, Plaintiff's supervisors and managers were agents of the Defendant, duly authorized and acting within the scope of their employment.

15. Throughout her many years of employment, Plaintiff worked to the best of her abilities and with the best interests of the Defendant in mind.

16. The conduct of Defendant, as alleged herein, not only violates the ADA, as amended, but also violates the public policy of the State of North Carolina.

17. That within 180 days of the last discriminatory actions of Defendant, Plaintiff filed a charge in writing with the Equal Employment Opportunity Commission (hereinafter "EEOC") charging Defendant with disability discrimination and failure to accommodate her disability, and retaliation. Upon completion of its investigation, the EEOC issued a Right to Sue Letter on said charges of discrimination. At this time, Plaintiff has decided to institute a private lawsuit, and is filing same within ninety (90) days of receipt of the EEOC's Right to Sue Letter.

18. Said retaliation, termination, and disability discrimination of Plaintiff by Defendant, by and through its duly authorized agents is the direct and proximate cause of injury to Plaintiff in an amount in excess of $25,000.00 representing lost wages and benefits, as well as emotional distress. In light of Defendant's wilful, knowing and intentional discrimination against Plaintiff, Plaintiff seeks an award of liquidated damages equal to double the amounts of back pay found owing.

## SECOND CAUSE OF ACTION: PUNITIVE DAMAGES

19. The allegations set forth in paragraphs one through eighteen are realleged and incorporated by reference as if fully set forth.

20. The above described acts or omissions of the Defendant, by and through its duly authorized agents acting within the scope of their employment, constitute wrongs done wantonly, willfully, or with actual malice, or under circumstances of rudeness, insult, indignity, oppression, or in a manner which demonstrates a reckless disregard of the Plaintiff's rights. An example of the reckless behavior is the Defendant's refusal to acknowledge that maintenance staff had been working on Plaintiff's machine that caused the poor product and that they came at Plaintiff's request but were unable to solve the problem immediately and shut the machine down. The poor production quality was then attributed to Plaintiff.

21. Plaintiff is entitled to recover of Defendant on this cause an amount to be determined at trial as punitive damages to deter discrimination by Defendant in the future.

## THIRD CAUSE OF ACTION: AGE DISCRIMINATION

22. The allegations set forth in paragraphs one through twenty-one are realleged and incorporated by reference as if fully set forth.

23. That Plaintiff was at all times relevant herein over the age of 40.

24. Upon information and belief, at all times relevant herein, Defendant employed at least 20 individuals during the 52 weeks preceding these events and thus was an employer within the meaning of 29 U.S.C. §621 et seq., the Age Discrimination in Employment Act (hereinafter "ADEA").

25. During her employment, Plaintiff's performance in 2017 and 2018 was subjected to heightened scrutiny and unreasonable expectations compared to younger coworkers. Moreover, despite three people working on the manufacturing line with Plaintiff, the employees outside of the protected age group were not disciplined for poor production. Said poor production was used as the basis for the termination of Plaintiff's employment.

26. At all times relevant herein, Defendant has been aware of the provisions of N.C.G.S. §143-422.2 and the ADEA which prohibit employment discrimination on the basis of age. In the excessive scrutiny of her performance, disciplinary actions, and in terminating the Plaintiff's employment, Defendant wilfully, knowingly, and intentionally discriminated against her on the basis of her age. Upon information and belief, many long term employees over the age of 40 were targeted for dismissal in 2017 and 2018, including Robert Johnson and Andrew Nealy.

27. That within 180 days of the last discriminatory actions of Defendant, Plaintiff filed a charge in writing with the Equal Employment Opportunity Commission (hereinafter "EEOC")charging Defendant with age discrimination. More than 180 days have elapsed since Plaintiff filed these charges with the EEOC. Plaintiff was sent her right to sue letter on said charges of discrimination from the local office of the EEOC. At this time, Plaintiff has decided to institute a private lawsuit and is filing same within ninety (90) days of receipt of the EEOC's right to sue letter.

28. Defendant's actions against Plaintiff were unfair, made in bad faith, and in violation of the public policy of the State of North Carolina as they were based on age.

29. As a proximate result of Defendant's conduct as stated above, Plaintiff has sustained and continues to sustain substantial losses in earnings, retirement benefits and other employment benefits, all to his damage in a sum in excess of $25,000. Plaintiff prays leave of the Court to amend this Complaint when these damages are more fully known.

WHEREFORE, Plaintiff prays the Court as follows:

1. That Defendant be ordered to cease all discrimination and to eliminate the hostile environment which exists in its facility;

2. That Defendant be ordered to reinstate Plaintiff to her position, with back pay and benefits;

3. That she recover judgment against Defendant in an amount in excess of $25,000.00, plus interest;

4. That she recover the costs of this action, including reasonable attorney's fees; and

5. For such other and further relief as to the Court may seem just and proper.

Nancy P. Quinn,
Attorney for Plaintiff
315 Spring Garden St., Suite 1D
Greensboro, NC 27401
Telephone: (336) 272-9072

5